# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**Filed: May 2, 2017**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| ROBERT BATTISTONE, | * | |
| | * | |
| Petitioner, | * | No. 09-878V |
| v. | * | |
| | * | Chief Special Master Dorsey |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs; Administrative |
| | * | Time Reduction. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Anne Carrión Toale, Maglio, Christopher & Toale, P.A., Sarasota, FL, for petitioner.
Lara Ann Englund, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 12, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Exhibits ("Pet'r's Exs.") 77-83 dated April 12, 2017 (ECF No. 159). Petitioner requests $71,178.24 in attorneys' fees and costs for Maglio Christopher & Toale, P.A. ("MCT"), as well as $16,633.03 for petitioner's previous counsel, Mr. Scott Doody. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. For the reasons discussed below, the undersigned awards petitioner $68,843.47 in attorneys' fees and costs to Ms. Toale and $16,633.03 to Mr. Doody.

### I. Background

On December 18, 2009, Robert Battistone ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] (the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

"Vaccine Act"). Petitioner alleged that he suffered "numerous medical issues" and post-vaccination encephalitis as a result of a varicella vaccine he received on or around December 18, 2006. Pet'r's Petition dated December 18, 2009 (ECF No. 1).

This case was initially assigned to Special Master Moran on December 22, 2009, and was reassigned to Chief Special Master Dorsey on February 14, 2013. ECF Nos. 2, 44. Petitioner's initial counsel, Mr. Doody, failed to meet deadlines and file outstanding medical records.[3] Due to Mr. Doody's repeated failures to meet deadlines, the undersigned ordered Mr. Doody to associate with co-counsel or transfer the case to another attorney. ECF No. 71. On November 6, 2014, petitioner filed a motion to substitute Ms. Anne Toale of MCT for Mr. Doody. ECF No. 82. The following day, the undersigned granted petitioner's motion. ECF No. 83. Petitioner filed medical records over the course of the next year, and he filed his statement of completion on September 8, 2015. ECF No. 105. On January 17, 2017, the undersigned issued a decision based on the parties' stipulation, awarding petitioner $528,155.29. ECF No. 154.

Petitioner filed a motion for attorneys' fees and costs on April 12, 2017. Pet'r's Exs. 77-83. Respondent filed a general response on April 18, 2017, stating that the undersigned should exercise her discretion in awarding a reasonable amount of fees and costs. Respondent's Response ("Resp.'s Resp.") dated April 18, 2017 (ECF No. 160) at 3. Petitioner filed a reply on April 20, 2017, arguing that respondent's position regarding petitioner's fees and costs is overly burdensome on the Court and prejudices petitioner. Pet'r's Reply ("Rply.") dated April 20, 2017 (ECF No. 161) at 2. Petitioner also argued that petitioner met his burden of establishing reasonable fees and costs and respondent failed to offer any relevant evidence in opposition. Id. at 3.

This matter is now ripe for adjudication on petitioner's motion for attorneys' fees and costs.

## II. Reasonable Attorneys' Fees

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). Petitioner in this case was awarded compensation pursuant to a stipulation and therefore is entitled to an award of reasonable attorneys' fees and costs.

### a. Reasonable Hourly Rate

Ms. Toale requests the following hourly rates: $300.00 per hour for work performed in 2014 through 2015, $367.00 per hour for work performed in 2016, and $378.00 per hour for work performed in 2017. See generally Pet'r's Ex. 77. The 2014 through 2016 rates are in accordance with rates previously awarded to Ms. Toale, and the undersigned finds them reasonable. See Kyles v. Sec'y of Health & Human Servs., 2016 WL 8715743 (Fed. Cl. Spec.

---

[3] Special Master Moran issued an order to show cause on August 29, 2011. ECF No. 20. The undersigned issued orders to show cause on April 23, 2013, September 30, 2013, and January 29, 2014. ECF Nos. 46, 60, 65.

Mstr. Dec. 7, 2016) (finding reasonable the rate of $367.00 per hour for petitioner's counsel and paralegal rates of $145.00 per hour).

Ms. Toale proposed that her 2017 hourly rate be increased to $378.00, which represents an $11.00 per hour increase from her prior 2016 rate. See Pet'r's Ex. 77 at 30. The undersigned finds the proposed rate reasonable, as it remains consistent with the rates reflected in the Office of Special Masters' Attorneys' Forum Hourly Rate Fee Schedule for an attorney of counsel's experience.[4] Moreover, the undersigned finds the amount of the increase to be reasonable in consideration of counsel's increased experience and quality of work as well as increases in the cost of legal services generally. Thus, the undersigned awards Ms. Toale a rate of $378.00 per hour for work performed in 2017.

Mr. Doody requests the following hourly rates: $175.00 per hour for work performed in 2009, $200.00 per hour for work performed in 2010, $225.00 per hour for work performed in 2011, $250.00 per hour for work performed in 2012, $275.00 per hour for work performed in 2013, and $300.00 per hour for work performed in 2014. See Pet'rs' Ex. 79. Mr. Doody's travel time was billed at half the standard hourly rate. Id. at 5-13. Mr. Doody requests a total of $16,633.03 in fees and costs, and he reduced the original invoice amount for his attorneys' fees by half.[5] Id. The undersigned has reviewed Mr. Doody's billing records submitted with petitioner's request. As Mr. Doody decreased his total invoice for attorneys' fees by half, the request appears reasonable and the undersigned finds no cause to further reduce his award.

    b. Administrative Time

While petitioner is entitled to an award of attorneys' fees and costs, the undersigned finds that it is appropriate to reduce or deny compensation for certain billing entries. In making reductions, a line-by-line evaluation of the fee application is not required. Wasson v. Sec'y of Health & Human Servs., No. 90-208V, 24 Cl. Ct. 482, 484, rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services…should be considered as normal overhead office costs included within the attorneys' fee rates"); Mostovoy v. Sec'y of Health & Human Servs., 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

---

[4] The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained in the 2017 Fee Schedule are from the decision McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] Mr. Doody originally charged a total of $24,537.50 for 117.2 hours of work. He voluntarily reduced this amount by half, charging only $12,268.75 for the work he performed in the case. Additionally, Mr. Doody requested $4,364.28 in costs. Pet'r's Ex. 79.

In the present case, MCT paralegals collectively billed approximately 21 hours of work that is best characterized as administrative time.[6] Accordingly, the undersigned reduces petitioner's fee award by five percent, or $2,334.77.

### III.     Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner's counsel requests $24,482.84 in attorneys' costs for expenses incurred by the firm. Pet'r's App. at 1. These costs include payments for shipping, payments to LexisNexis for online research, payment for medical records, and payment to life care consultants. Pet'r's Ex. 78. The undersigned finds all of these costs reasonable and awards them in full.

### IV.     Conclusion

Based on all of the above, the undersigned finds that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

**Attorneys' Fees for Ms. Toale**
| | |
|---|---|
| Requested: | $46,695.40 |
| Administrative time reduction: | ($2,334.77) |
| Awarded: | $44,360.63 |

**Attorney's Costs for Ms. Toale**
| | |
|---|---|
| Requested: | $24,482.84 |
| Reductions: | ($0.00) |
| Awarded: | $24,482.84 |

**Total Fees and Costs for Ms. Toale**
| | |
|---|---|
| Total: | $68,843.47 |

**Attorneys' Fees and Costs for Mr. Doody**
| | |
|---|---|
| Requested: | $16,633.03 |
| Reductions: | ($0.00) |
| Awarded: | $16,633.03 |

---

[6] For example, the paralegals billed for filing documents as well as preparing a retainer packet, reviewing and downloading electronic orders to update a "tickle calendar," reviewing returned mail and preparing new shipping labels, paying invoices for medical records, and Bates stamping documents. See generally Pet'r's Ex. 77. Paralegals charged a total of nearly $3,000.00 for entries that constitute administrative work.

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $68,843.47, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his counsel, Maglio, Christopher & Toale, P.A.; and**

**A lump sum in the amount of $16,633.03, representing reimbursement for petitioner's previous counsel's attorneys' fees and costs, in the form of a check payable to petitioner and Mr. Scott Doody.**

The Clerk of Court **SHALL ENTER JUDGMENT** in accordance herewith.[7]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.